UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW E. ROTH,<br><br>                    Plaintiff,<br><br>          -v-<br><br>ARMISTICE CAPITAL, LLC, ARMISTICE CAPITAL MASTER FUND LTD., and STEPHEN J. BOYD,<br><br>                    Defendants,<br><br>and<br><br>VAXART, INC.,<br><br>                    Nominal Defendant. | 20 Civ. 8872<br><br>(*Jury Trial Demanded*)<br><br>**COMPLAINT** |

Plaintiff Andrew E. Roth ("Roth"), by his undersigned attorneys, alleges upon information and belief as to all paragraphs except paragraph 2, as follows:

**<u>Nature of the Action</u>**

1.     This is an action to obtain disgorgement of "short-swing" profits obtained by Defendants from purchases and sales of common stock, $0.0001 par value per share (the "Common Stock") of Nominal Defendant Vaxart, Inc. ("Vaxart" or the "Company") in violation of Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p(b) ("§16(b) or Section 16(b)").[1]

---

[1] On June 8, 2020, Vaxart amended the Company's Restated Certificate of Incorporation to increase the authorized number of shares of common stock from 100 million to 150 million shares and to decrease the par value of the Company's capital stock from $0.10 to $0.0001.

**The Parties**

2.      Plaintiff Roth is a New York resident who is an owner of Vaxart Common Stock.

3.      Defendant Armistice Capital, LLC ("Armistice Capital") is a Delaware limited liability company with its principal place of business at 510 Madison Avenue, 7th Floor, New York, NY 10022.  Armistice Capital is a registered investment adviser that provides investment management services to private investment vehicles, including defendant Armistice Master Fund (as hereinafter defined).

4.      Defendant Armistice Capital Master Fund Ltd. ("Armistice Master Fund") is an exempted company incorporated under the laws of the Cayman Islands.  Its business and mailing address is c/o Armistice Capital, LLC, 510 Madison Avenue, 7th Floor, New York, NY 10022. Armistice Master Fund is principally engaged in the business of investing in securities.[2]

5.      Defendant Stephen J. Boyd ("Boyd") is an individual with a business address at 510 Madison Avenue, 7th Floor, New York, NY 10022.  Boyd is the sole owner, managing member, and Chief Investment Officer of Armistice Capital and a director of Armistice Master Fund.  Boyd also serves as a member of Vaxart's board of directors.[3]  An organizational chart showing Boyd's control over the foregoing parties and non-parties is annexed as **Exhibit 1**.

6.      Nominal Defendant Vaxart is a Delaware corporation with offices at 385 Oyster Point Boulevard, Suite 9A, South San Francisco, CA 94080, which trades on the Nasdaq Capital Market exchange under the symbol VXRT.

---

[2]  Armistice Master Fund is part of a master-feeder arrangement with non-parties Armistice Capital Fund LP, a Delaware Limited Partnership ("Domestic Fund"), and Armistice Capital Offshore Fund Ltd., an exempted company incorporated under the laws of the Cayman Islands ("Offshore Fund").  The Domestic Fund and Offshore Fund (together, the "Feeder Funds") invest substantially all their assets in Armistice Master Fund.

[3]  Boyd is also the sole owner of non-party Armistice Capital GP, LLC, which is the general partner of Domestic Fund, and a director of Offshore Fund.

### Jurisdiction and Venue

7.      This action is brought derivatively on behalf of Vaxart pursuant to Section 16(b). Jurisdiction of this Court and venue in this District are proper pursuant to 15 U.S.C. § 78aa in that Defendants transact business in this District, and certain of the acts underlying this action occurred in this District.

### Governing Law

8.      Section 16(a) of the Exchange Act defines a "statutory insider" as [e]very person who is directly or indirectly the beneficial owner of more than 10 percent of any class of any equity security . . . which is registered pursuant to section 12, or who is a director or an officer of the issuer of such security." 15 U.S.C. §78p(a)(1).

9.      Section 16(b) provides for disgorgement of "any profit realized" by any statutory insider whenever there is "(1) a purchase and (2) a sale of securities (3) by an officer or director of the issuer or by a shareholder who owns more than ten percent of any one class of the issuer's securities (4) within a six-month period." *Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305, 308 (2d Cir. 1998). Suit to recover any profits arising from those transactions are recoverable by the issuer or by a shareholder suing derivatively on its behalf.

10.      Under SEC Rule 16a-1(a)(1) promulgated under the Exchange Act, where two or more persons "act as a partnership, limited partnership, syndicate, or other group for the purpose of acquiring, holding or disposing of securities of an issuer" as set forth in Section 13(d)(3) of the Exchange Act ("§13(d)"), such persons are deemed to be a "group" for purposes of determining §16(b) liability. Under SEC Rule 16a-1, the shares held by persons in such a group are aggregated to determine whether the group has a greater than 10% beneficial ownership in the issuing corporation. If the aggregate number of shares beneficially owned by the group

exceeds 10%, under SEC Rule 16a-1(a)(2), each member of the group is deemed to be a greater than 10% beneficial owner and is liable to disgorge profits arising from transactions by such group member effected within a six-month period to the extent of their pecuniary interest in the shares of the issuer.

### Defendants' Status as Statutory Insiders

#### A.   Armistice Master Fund and Armistice Capital are a Vaxart Director

11.   Boyd and Dr. Keith Maher, both members of Armistice Capital's management team, were appointed as directors of the Company on October 25, 2019.  Vaxart announced the appointment of Boyd and Maher as directors in a Form 8-K filed October 28, 2019.

12.   At least as early as November 7, 2019, Armistice Master Fund and Armistice Capital (together "Armistice") became a "director" on the Vaxart board, and thus a statutory insider for purposes of § 16(b) liability, by deputizing Boyd to perform its duties on the board. *Blau v. Lehman*, 368 U.S. 403, 410, 82 S. Ct. 451, 7 L. Ed. 2d 403 (1962).  *See, e.g.,* Defendants' SEC Form 4 (Insider Trading Report) ("Form 4") filed on November 7, 2019 and June 30, 2020.

13.   At all relevant times, Armistice functioned as a Vaxart director through Boyd, who was deputized by Armistice to perform a director's duties not for himself but for Armistice.

14.   Armistice is a statutory insider for purposes of §§ 16(a) and (b) of the Exchange Act and are required to disgorge any profits they garnered through short-swing insider trading (i.e., purchases and sales within a six-month period).  15 U.S.C. § 78m(d)(3); *see also* 17 CFR § 240.13d-5(b)(1).

#### B.   The Armistice Capital Group

15.   Defendants Armistice Capital, Armistice Master Fund, and Boyd acted together as a group (the "Armistice Capital Group") for the purpose of acquiring, holding, and disposing of

Vaxart Common Stock within the meaning of Sections 13(d)(3) and 16 of the Exchange Act.

The Armistice Capital Group members are under the common control and management of Boyd.

*See* Exhibit 1.

16.     At all relevant times, the Armistice Capital Group was a statutory insider through

Armistice's status as a Vaxart director and/or as greater than 10% beneficial owners of Vaxart

Common Stock.

17.     At all relevant times, Armistice Master Fund was a director of Vaxart and/or

greater than 10% beneficial owner of Vaxart Common Stock, and therefore a statutory insider for

purposes of §§ 16(a) and (b) of the Exchange Act.

18.     As all purchases and sales of Vaxart Common Stock were directed and made by

Boyd through Armistice Capital and Armistice Master Fund on behalf of each of the Armistice

Capital Group members, and allocated among the Armistice Capital Group members, a group

was formed and operative within the meaning of Sections 13(d)(3) and 16 of the Exchange Act

for the purpose of acquiring, holding and disposing of Vaxart Common Stock.

19.     Other indicia of group activity include the facts that: (i) various SEC filings

concerning Vaxart Common Stock were made collectively on behalf of the Armistice Capital

Group members and signed by Boyd on behalf of Armistice Capital, Armistice Master Fund, and

himself; (ii) Armistice Capital is the investment manager to Armistice Master Fund and Boyd is

the sole owner, managing member, and Chief Investment Officer of Armistice Capital; (iii) Boyd

is a director of Armistice Master Fund; (iv) Defendants operate out of the same office with the

same employees; and (v) all Defendants other than Boyd bear the Armistice name.

20.     From Vaxart's perspective, the Armistice Capital Group was a single shareholder

that at one time owned more than 50% of the Company's Common Stock.

21.     The Capital Group garnered short-swing profits in the transactions hereinafter set forth that are disgorgeable to the Company.

**Background**

A.     **Overview of Vaxart and its COVID-19 Vaccine Candidates**

22.     Vaxart is a clinical-stage biotechnology company focused on developing oral recombinant protein vaccines that are administered by tablet rather than by injection.  In its public filings with the SEC, Vaxart claims that its vaccines are designed to generate broad and durable immune responses that protect against a wide range of infectious diseases and may also be useful for the treatment of chronic viral infections and cancer.  Vaxart also states that it believes tableted vaccines are easier to distribute and administer than injectable vaccines and have the potential to significantly increase vaccination rates.

23.     On March 18, 2020, Vaxart announced that it entered into an agreement with Emergent BioSolutions Inc. for the development and manufacturing of an oral Coronavirus (COVID-19) vaccine candidate.  *See* the Company's Form 8-K filed with the SEC on March 19, 2020.  This announcement led to a sharp increase in the price of the Company's Common Stock. On the morning of March 18, 2020, the price increased 42% from $1.93, the prior day's close, to $2.75.

24.     On April 21, 2020, Vaxart announced that its lead vaccine candidates generated anti-SARS CoV-2 antibodies in all tested animals after the first dose and that the Company expected to announce additional four-week data within days and the selection of a lead development candidate shortly thereafter.  The price of the Company's Common Stock again jumped 22% in the wake of the news, from $2.37 to $2.90.

25.     In a May 12, 2020 press release, Vaxart's CEO Wouter Latour, MD announced that the Company "was on track to start a first Phase 1 study in the second half of this year with our oral tablet vaccine" and that its "lead candidate vaccines performed well in preclinical testing, generating very high levels of antibodies."

26.     On June 25, 2020, the Company announced that its oral COVID-19 vaccine had been selected to participate in a non-human primate (NHP) challenge study, organized and funded by Operation Warp Speed, a new national program aiming to provide substantial quantities of safe, effective vaccine for Americans by January 2021.  The study is designed to demonstrate the efficacy of Vaxart's oral COVID-19 vaccine candidate.  The Company's CEO Andrei Floroiu described the news in a press release on June 26, 2020: "We are very pleased to be one of the few companies selected by Operation Warp Speed, and that ours is the only oral vaccine being evaluated.  SARS-CoV-2, the coronavirus that causes COVID-19, is primarily transmitted by viral particles that enter through the mucosa -- nose, mouth or eyes -- strongly suggesting that mucosal immunity could serve as the first line of defense ….  In addition, our vaccine is a room temperature-stable tablet, an enormous logistical advantage in large vaccination campaigns."  This news led to two days of sharp increases in the Company's Common Stock, from the $3.19 closing price on June 24, 2020 to the $6.26 closing price on June 25, 2020 (a 96% increase), and then to the $11.49 opening price on June 26, 2020 (an 83.5% increase).

**B.     <u>Defendants' Status as a Greater Than 10% Owner of Vaxart Common Stock</u>**

27.     Defendants began purchasing Vaxart Common Stock in August 2018.  The funds for Defendants' purchase of those and all other shares of Vaxart Common Stock came from the working capital of Armistice Master Fund, which is the direct owner of the Company's Common

Stock.  Armistice Capital and Boyd, who solely owns Armistice Capital, beneficially own at least 8% of Armistice Master Fund.  *See* Armistice Capital Form ADV, May 20, 2020.

28.     After about one year, Defendant Armistice Master Fund owned 25 million shares, or 65.2% of the Company's outstanding Common Stock, and also owned Common Stock Purchase Warrants, issued as of April 11, 2019 and September 30, 2019, to purchase respectively 4,090,909 shares of Common Stock (the "1.10 Warrant") and 16,666,667 shares of Common Stock (the "$.30 Warrant") (collectively, the "Armistice Warrants").  All Defendants had shared beneficial ownership in Armistice Master Fund's holdings in the Company's Common Stock.

29.     Each of the Armistice Warrants was subject to a beneficial ownership limitation ("blocker provisions"), 4.99% in the case of the $1.10 Warrant and 9.99% in the case of the $0.30 Warrant.  *See* Form 8-K filed by Vaxart with the SEC on June 9, 2020; Amendment No. 2 to Schedule 13D (Beneficial Ownership Report) filed by Armistice Capital, Armistice Master Fund, and Boyd on November 1, 2019.

30.     In a Form 4 filed with the SEC on April 30, 2020, Defendants reported the sale of 6,600,000 shares of the Company's Common Stock from April 28, 2020 to April 30, 2020, realizing $20,000,000.  They further reported that on April 30, 2020, Defendants agreed to disgorge $661,118.15 to the Company, representing short-swing profits under Section 16(b) of the Exchange Act they realized as a result of these sales being matched against previous purchases of common stock by the Reporting Persons made in November 2019.

31.     From May 5, 2020 to June 3, 2020, Defendants sold an additional 11,600,000 shares of the Company's Common Stock.  Defendants reported in a Form 4 filing on June 3, 2020 that they had beneficial ownership of 7,000,000 shares of Vaxart Common Stock.

**C.      The Armistice Warrant Amendment Agreements**

32.      On June 8, 2020, the Company and Armistice Master Fund agreed to material amendments to the Armistice Warrants (the "Warrant Amendment Agreements") to increase the beneficial ownership limitation for both the $1.10 and $0.30 Warrants to 19.99%.  The Warrant Amendment Agreements also removed a requirement of the Armistice Warrants that Armistice Master Fund provide 60 days' notice before exercise of the Warrants.  Neither the Company nor the Defendants have made the Warrant Amendment Agreements publicly available as of the filing of this Complaint.  *See* Amendment No.7 to Schedule 13D, filed with the SEC on June 9, 2020.

33.      The Warrant Amendment Agreements constitute the grant of new warrants and cancellation of the prior warrants.  As amended, the increase in the beneficial ownership limitations from 9.99% to 19.99% represents a deemed purchase of 9,403,510 shares of Vaxart Common Stock corresponding to the Armistice Capital Group's increase in beneficial ownership cap from 9.99% to 19.99% (the "Additional Share Purchase").  The deemed purchase price for the Additional Share Purchase is the closing price on June 8, 2020, or $2.39.  *See* SEC Rule 16b-6(c)(2).

34.      The effect of the Warrant Amendment Agreements was that Defendants could immediately exercise the Armistice Warrants and sell-off their holdings in the Company's equity securities.

**D.      Defendants' Short-Swing Transactions in This Action**

35.      On June 9, 2020, Defendants filed Amendment No.7 to Schedule 13D, which disclosed the Warrant Amendment Agreements and the resulting increase in Defendants' beneficial ownership of Vaxart Common Stock to 16,785,583 shares, representing 19.99% of the

Company's outstanding Common Stock.  Notably, Defendants did not file a Form 4 to report the Additional Share Purchase or the increase in beneficial ownership cap pursuant to the Warrant Amendment Agreements, failing to comply with their disclosure obligations.

36.     Thereafter, in Amendment No. 8 to Schedule 13D, filed June 30, 2020, Defendants disclosed that, on June 26, 2020 and June 29, 2020, Armistice Master Fund exercised warrants for 16,666,667 and 4,090,909 shares, respectively, at prices of $0.30 and $1.10 per share, totaling 20,757,576 shares.  Defendants further disclosed that between June 26, 2020 and June 29, 2020 Armistice Master Fund sold substantially all its holdings in the Company's Common Stock, including the 20,757,676 shares it obtained through exercising the Armistice Warrants.

37.     Based on the foregoing filings, Defendants realized short-swing profits of at least $87,121,800 resulting from the Additional Share Purchase on June 8, 2020 of 9,403,510 shares at the purchase price of $2.39 per share, and then sold these shares on June 26 and 29 as reported in its Schedule 13D/A filed June 30, 2020.

38.     At all relevant times, the Armistice Group was a statutory insider.  However, because the Armistice Group violated its reporting requirements under Section 16(a) of the Exchange Act, it is not possible to determine the extent of the short-swing profits that the Armistice Group garnered in violation of Section 16(b).  However, based on the reported transactions in the Company's Common Stock, it is all but certain that Defendants garnered short-swing profits of as at least $87,121,800.

### Allegations as to the Demand

39.     On July 27, 2020, Plaintiff made demand on the Board of Directors of the Company to commence this lawsuit based on the facts alleged above.  By letter dated September

25, 2020, the Company's outside counsel advised that the Company would not pursue legal action.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**AGAINST ARMISTICE MASTER FUND**

40.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 39, *supra*, as if fully set forth herein.

41.     At all relevant times, Armistice Master Fund and Armistice Capital was a director of Vaxart and/or greater than 10% beneficial owners of Vaxart Common Stock.

42.     As particularized in paragraphs 32-38, *supra*, during the period between June 8, 2020 to June 30, 2020, Armistice Master Fund engaged in purchase and sale transactions in Vaxart Common Stock which resulted in disgorgeable short-swing profits in the amount of at least $87,121,800.

43.     As the purchases and sales were made for the account of Armistice Master Fund, it is liable to disgorge the entirety of the short-swing profits to the Company.

**IN THE ALTERNATIVE, AS AND FOR A SECOND CLAIM FOR RELIEF**
**AGAINST THE ARMISTICE CAPITAL GROUP**

44.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43, *supra,* as if fully set forth herein.

45.     Defendants Armistice Capital, Armistice Master Fund, and Boyd acted together as a group for the purpose of acquiring, holding, and disposing of the Company's Common Stock within the meaning of Sections 13(d)(3) and 16 of the Exchange Act.  The Armistice Capital Group members are under the common control and management of Boyd.  *See* Exhibit 1.

46.     At all relevant times, the Armistice Capital Group was a statutory insider.

47.     All of the Armistice Capital Group's purchases and sales of Vaxart Common Stock were directed and made by Boyd through Armistice Capital and Armistice Master Fund on behalf of each of the Armistice Capital Group members.

48.     As particularized in paragraphs 32-38, *supra*, during the period between June 8, 2020 to June 30, 2020, the Armistice Master Fund engaged in purchase and sale transactions in Vaxart Common Stock which resulted in disgorgeable short-swing profits in the amount of at least $87,121,800.

49.     Defendant Armistice Master Fund is liable to disgorge profits arising from transactions in the Company's equity securities effected within a six-month period.

50.     Defendants Armistice Capital and Boyd have pecuniary interests in the short-swing profits realized by Armistice Master Fund and are jointly and severally liable with Master Fund to disgorge short-swing profits to extent of their respective pecuniary interests in such profits.

WHEREFORE, plaintiff demands judgment, on behalf of Vaxart Inc., against Defendants, as described above, plus attorneys' fees, pre-judgment interest and such other and further relief as to the Court may seem just and proper.

New York, New York
Dated: October 23, 2020

Yours, etc.

OSTRAGER CHONG FLAHERTY
  & BROITMAN P.C.

    S/  *Glenn F. Ostrager*
Glenn F. Ostrager
Joshua S. Broitman
Roberto L. Gomez

437 Madison Avenue, 24th Fl.
New York, New York 10022-6886
Tel.: (212) 681-0600
Fax: (212) 681-0300
E-Mail: *gostrager@ocfblaw.com*


Paul D. Wexler
Attorney at Law
437 Madison Avenue, 24th Fl.
New York, New York 10022-6886
Tel.: (212) 681-0600
Email: *pdw@paulwexler.com*

*Attorneys for Plaintiff*