UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

ANDREW E. ROTH,

        Plaintiff,

    v.

ARMISTICE CAPITAL, LLC, ARMISTICE CAPITAL MASTER FUND LTD., and STEVEN J. BOYD,

        Defendants,

and

VAXART, INC.,

        Nominal Defendant.

---------------------------------------------------------------X

No. 1:20-cv-08872

**DEFENDANTS' ANSWER AND DEFENSES TO COMPLAINT**

      Defendants Armistice Capital, LLC ("Armistice Capital"), Armistice Capital Master Fund, Ltd. ("Master Fund") and Steven J. Boyd (together, the "Armistice Defendants"), by their undersigned counsel, hereby answer the Complaint filed on October 23, 2020 by Plaintiff Andrew E. Roth. The Armistice Defendants deny any and all allegations in the Complaint that are not specifically and expressly admitted herein.[1]

## ALLEGATIONS AS TO NATURE OF THE ACTION

      1.    Paragraph 1 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 1.

## ALLEGATIONS AS TO THE PARTIES

      2.    The Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.

---

[1] The Armistice Defendants file this answer subject to the Court's resolution of their motion for reconsideration. *See* ECF No. 56, 57, 59.

3.      The Armistice Defendants admit that Armistice Capital is a Delaware limited liability company and the investment manager of the Master Fund. The Armistice Defendants admit that Armistice Capital is a registered investment advisor and provides investment management services to Master Fund. The Armistice Defendants also admit that Armistice Capital operates out of offices located at 510 Madison Avenue, 7th Floor, New York, NY 10022. The Armistice Defendants deny all other allegations in Paragraph 3.

4.      The Armistice Defendants admit that the Master Fund is an executed company organized under the laws of the Cayman Islands and that it maintains a mailing address c/o Armistice Capital's offices located at 510 Madison Avenue, 7th Floor, New York, New York 10022. The Armistice Defendants deny all other allegations in Paragraph 4.

5.      The Armistice Defendants admit that Mr. Boyd is Managing Member and Chief Investment Officer of Armistice Capital and a director of the Master Fund. The Armistice Defendants deny all other allegations in Paragraph 5.

6.      The Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

## ALLEGATIONS AS TO JURISDICTION AND VENUE

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 7.

## ALLEGATIONS AS TO GOVERNING LAW

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 8.

9.      Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 9.

## ALLEGATIONS AS TO DEFENDANTS' STATUS AS STATUTORY INSIDERS

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 10.

11. The Armistice Defendants admit that Mr. Boyd and Dr. Keith Maher were appointed as directors of Vaxart, Inc. ("Vaxart" or the "Company") on October 25, 2019. The Armistice Defendants deny that Dr. Keith Maher is a member of Armistice Capital's management team. The Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11, except to note that the referenced document speaks for itself.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 12.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 13.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 14.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 15.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 19.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 21.

## ALLEGATIONS AS TO BACKGROUND

22. The Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, except to note that the referenced documents speak for themselves.

23. The Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, except to note that the referenced document speaks for itself.

24. The Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, except to note that the referenced document speaks for itself.

25. The Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, except to note that the referenced document speaks for itself.

26. The Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, except to note that the referenced document speaks for itself.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 27.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants admit that, on April 11, 2019 and September 30, 2019, the Armistice Defendants purchased Common Stock Purchase Warrants for 4,090,909 shares of Common Stock (the "$1.10 Warrants") and 16,666,667 shares of Common Stock (the "$0.30 Warrants") (collectively, the "Warrants"), respectively. The Armistice Defendants deny the remaining allegations in Paragraph 28.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 28, except to note that the referenced documents speak for themselves.

30. The Armistice Defendants admit that a Form 4 was filed on April 30, 2020. The Armistice Defendants deny the remaining allegations in Paragraph 30, except to note that the referenced document speaks for itself.

31. The Armistice Defendants admit that a Form 4 was filed on June 3, 2020. The Armistice Defendants deny the remaining allegations in Paragraph 31, except to note that the referenced document speaks for itself.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants admit that, on June 8, 2020, the Company and the Armistice Defendants amended the "Beneficial Ownership Limitation" in the Warrants. The Armistice Defendants deny the remaining allegations in Paragraph 32, except to note that the referenced documents speak for themselves.

33. Paragraph 33 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 33.

34. Paragraph 34 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 34.

35. Paragraph 35 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants admit that an Amendment No. 7 to Schedule 13D was filed on June 9, 2020. The Armistice Defendants deny the remaining allegations in Paragraph 35, except to note that the referenced document speaks for itself.

36. The Armistice Defendants admit that an Amendment No. 8 to Schedule 13D was filed on June 30, 2020. The Armistice Defendants deny the remaining allegations in Paragraph 36, except to note that the referenced document speaks for itself.

37. Paragraph 37 contains a legal conclusion to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 37, except to note that the referenced document speaks for itself.

38. Paragraph 38 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 38.

39. The Armistice Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

## ALLEGATIONS AS TO FIRST CLAIM FOR RELIEF

40. The Armistice Defendants incorporate their responses to Paragraphs 1 through 39 of the Complaint as though fully stated herein.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 42.

43. Paragraph 43 contains a legal conclusion to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 43.

**ALLEGATIONS AS TO SECOND CLAIM FOR RELIEF**

44. The Armistice Defendants incorporate their responses to Paragraphs 1 through 43 of the Complaint as though fully stated herein.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 45.

46. Paragraph 46 contains a legal conclusion to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 46.

47. Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 47.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 48.

49. Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 49.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, the Armistice Defendants deny the allegations in Paragraph 50.

**ARMISTICE'S DEFENSES**

Without admitting any allegations asserted in the Complaint except such allegations as are expressly admitted herein, the Armistice Defendants assert the following defenses. Nothing stated in any of the following defenses constitutes a concession that the Armistice Defendants

bear any burden of proof on any issue on which they would not otherwise bear such burden. Moreover, by asserting these defenses, the Armistice Defendants do not admit that the matters designated herein as "defenses" are not elements of the Plaintiff's *prima facie* case on any of the Plaintiff's purported claims.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs lack standing to bring their claims.

## THIRD DEFENSE

Plaintiffs failed to make proper demand on Vaxart prior to bringing this action.

## FOURTH DEFENSE

The sales do not match with any acquisitions within a six-month period and there is no liability under Section 16(b).

## FIFTH DEFENSE

Alternatively, should the Warrant Amendments be deemed acquisitions under Section 16(b), the acquisitions identified in the Complaint were exempt from Section 16(b) matching pursuant to Rule 16b-3 under the Exchange Act.

## SIXTH DEFENSE

The Armistice Defendants reserve the right to assert any additional defenses which may arise in the course of discovery or at trial in this matter.

Dated: April 19, 2022
New York, New York

Respectfully Submitted,

*/s/Douglas A. Rappaport*
Douglas A. Rappaport
Kaitlin D. Shapiro
Elizabeth C. Rosen
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036

*Counsel for the Defendants Armistice Capital, LLC, Armistice Capital Master Fund Ltd., and Steven J. Boyd*