USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/1/2022

UNITED STATES DISTRICT CO[URT]
SOUTHERN DISTRICT OF NEW [YORK]

ANDREW E. ROTH,

                Plaintiff,

      -v-

ARMISTICE CAPITAL, LLC, ARMISTICE
CAPITAL MASTER FUND LTD., and
STEPHEN J. BOYD,

                Defendants,

and

VAXART, INC.,

                Nominal Defendant.

**STIPULATED
<u>PROTECTIVE ORDER</u>**

No. 1:20-cv-08872-AT

      **IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for the

undersigned, that the following Stipulated Protective Order ("Order") shall govern the handling

of documents, depositions, deposition exhibits, interrogatory responses and other written,

recorded or graphic matter, including any information contained therein (hereinafter sometimes

referred to as "Discovery Material"), produced or exchanged during discovery in this action by

any party, their representatives, agents, experts and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this

Order.

      1.     All "Discovery Material" shall be used by the party receiving such Discovery

Material solely for purposes of preparing for and conducting pre-trial, post-trial, collection, and

appellate proceedings in this litigation and for no other purpose including, but not limited to, use

in other litigation (subject to the provisions of Section 7(h) below), the issuance of press releases or the dissemination of any information related to this action, to the press or to any third parties.

2.      Any person subject to this Order who receives from any other person any Discovery Material, including but not limited to information of any kind – whether in documents, testimony, or any other form – provided in the course of this litigation, that is designated as "Confidential" or "Highly Confidential" (collectively, "Protected Discovery Material") pursuant to the terms of this Order shall not disclose such Protected Discovery Material to anyone else except as expressly permitted by this Order.

3.      In responding to a request for discovery, the producing party (or any other party to this litigation) may designate as "Confidential" any Discovery Material or portion of Discovery Material that the designating party in good faith believes contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the designating party, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

4.      In responding to a request for discovery, the producing party (or any other party to this litigation) may designate as "Highly Confidential" any Discovery Material or portion of Discovery Material that the designating party in good faith believes contains highly sensitive trade secrets or confidential business or financial information, the disclosure of which would result in the disclosure of trade secrets or other highly sensitive research, development, production, personnel, commercial, market, financial, or business information.

5.      With respect to the protected portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion protected by stamping or otherwise clearly marking as "Confidential" or "Highly

Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility.  Deposition testimony and/or deposition exhibits may be designated as Protected Discovery Material either on the record during the deposition or within five (5) business days of receipt of the transcript and/or exhibits.  All portions of depositions or other pre-trial testimony in which Protected Discovery Material is used or discussed shall be presumptively treated as Protected Discovery Material.  The legend "Confidential" or "Highly Confidential" shall be affixed to each page of the original transcript containing the Protected Discovery Material, and to each corresponding page of all copies of such transcript.  Only those portions of each transcript designated as "Confidential" or "Highly Confidential" in this action shall be deemed Protected Discovery Material.  The use of Protected Discovery Material in connection with depositions or other pre-trial testimony shall be subject to the provisions of Sections 7 and 8, below.

6.     At any time prior to the trial of this action, any Protected Discovery Material, including inadvertently produced materials, may (a) be designated by the producing person as Confidential or Highly Confidential by informing all parties in writing that the Protected Discovery Materials should be treated as such under this Order; and/or (b) be re-designated as not Confidential, Confidential, or Highly Confidential by informing all parties in writing that the Protected Discovery Materials should be treated as such under this Order.

7.     No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

a.  employees of any party with responsibility for the oversight of this action or other employees of a party if such employees' access is reasonably necessary for the party's participation in this action;

b.  any non-party witness called to testify at deposition or any non-party witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

c.  in-house counsel or outside counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

d.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

e.  any person retained by or on behalf of a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, including but not limited to e-discovery vendors and financial advisors, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

f.  stenographers engaged to transcribe depositions conducted in this action;

g.  the Court and its support personnel;

h.  at the request of any government or regulatory agency, including, but not limited to, any securities industry self-regulatory organization.  Prior to the disclosure of Protected Discovery Material in accordance with this paragraph, the receiving party shall provide reasonable notice to the

producing party sufficient to allow the producing party to seek appropriate relief from the relevant agency or self-regulatory organization.

8.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Highly Confidential by the producing person to any other person, except:

     a.   employees of any party with responsibility for the oversight of this action or other employees of a party if such employees' access is reasonably necessary for the party's participation in this action, provided that the employee may not (1) keep a copy of the Highly Confidential Discovery Material; (2) view the Highly Confidential Discovery Material outside the direct supervision of in-house or outside counsel; (3) take notes concerning the content of the Highly Confidential Discovery Material; (4) discuss with or disclose to other employees or third parties the contents of the Highly Confidential Discovery Material; and/or (5) use the Highly Confidential Discovery Material for any purpose other than in connection with this action;

     b.   any non-party witness called to testify at deposition or any non-party witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order, and that the non-party witness may not (1) keep a copy of the Highly Confidential Discovery Material; (2) view the Highly Confidential Discovery Material outside the direct supervision of in-house or outside

counsel; (3) take notes concerning the content of the Highly Confidential

Discovery Material; (4) discuss with or disclose to other employees or

third parties the contents of the Highly Confidential Discovery Material;

and/or (5) use the Highly Confidential Discovery Material for any purpose

other than in connection with this action; and

    c.   the individuals identified in subparagraphs 7(c)-7(h) above.

9.     Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 7(b) or 7(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

10.    All Protected Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Protected Discovery Material, shall be filed under seal with the Clerk of the Court in accordance with the relevant rules and procedures of the Court and kept under seal until further order of the Court.  All materials filed under seal shall be available to the Court, and to counsel for the parties that have agreed to this Order, for viewing and/or copying.  Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not Protected Discovery Material and need not be preserved under seal.  Redacted pages shall be filed in the public record.  The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal.

11.    Entering into this Order, producing, or receiving Protected Discovery Material (or agreeing to do so) or otherwise complying with this Order shall not:

a.  operate as an admission that any particular designated Protected Discovery Material contains or reflects trade secrets or any other type of confidential information;

b.  prejudice in any way the rights of a producing party to object to the production of documents, testimony, or other material that such party considers not subject to discovery; or

c.  prevent the parties to this Order from agreeing in writing to amend, alter, or waive the provisions or protections provided for herein with respect to any particular material.

12.      This Order has no effect upon, and shall not apply to, (a) any producing party's use of its own Discovery Material, including Protected Discovery Material, for any purpose; (b) any party's use of any document or other information developed or obtained independent of discovery in this action for any purpose; and (c) any Discovery Material that is obtained by the receiving party from any source other than the producing party subsequent to the date hereof; provided that the production of Discovery Material by any such source to the receiving party shall not be known by the receiving party, after due inquiry, to be in violation of any confidentiality obligation.

13.      Should the need arise for any of the parties to disclose Protected Discovery Material during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the producing party, shall deem necessary to preserve the confidentiality of such Protected Discovery Material.  The party wishing to disclose Protected Discovery Material at any

hearing or trial before the Court shall provide reasonable notice to the producing party sufficient to allow the producing party to seek appropriate relief from the Court.

14.     Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure, may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.  If, after making a good faith effort to resolve any such objection via a meet and confer, the parties cannot reach an agreement respecting the objection or request, the objecting party may move on reasonable notice to the producing party for an order from this Court vacating the designation.  While such an application is pending, the document, testimony, or other information in question shall be treated as Protected Discovery Material, as directed by the designating party, pursuant to this Order.  The producing party shall have the burden of persuading the Court that good cause exists for the designation of Protected Discovery Material.

15.     Each person who has access to Protected Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege, work-product protection, other applicable privilege, or information which is non-responsive or irrelevant to the subject matter of the litigation (collectively, the "Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection or any other waiver with respect to the Inadvertently Disclosed Information and its subject matter.

17.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, make reasonable efforts to return, delete, or destroy all

copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned, deleted, or destroyed by all reasonable efforts.  A receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18.     If a receiving party is served with a subpoena or other order issued in another action or proceeding that would compel disclosure of any Protected Discovery Material, the receiving party must notify the producing party, in writing, immediately and in no event more than five (5) business days after receipt of the subpoena or other order. Such notification shall include a copy of the subpoena or other order. The receiving party must immediately notify, in writing, the party who caused the subpoena or other order to issue that some or all of the material covered by the subpoena or other order is the subject of this Order and the receiving party shall include a copy of this Order with such written notice to the party who caused the subpoena or other order to issue.

19.     The purpose of the duties and obligations imposed in Paragraph 18 hereof is to provide notice to the interested persons of the existence of this Order and to afford the producing party an opportunity to intervene to protect its Protected Discovery Material in the court or other forum from which the subpoena or other order issued. The producing party shall bear the burden and the expense of seeking protection of its Protected Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in these Paragraphs 18 and 19 shall remain in effect for so long as a receiving party has in it is possession, custody, or control a producing party's Protected Discovery Material.

20.     The terms of this Order may be modified either upon agreement in writing by the parties or by the Court *sua sponte* after notice to the parties and an opportunity to be heard has been provided.

21.     This Order shall survive the termination of the litigation.  Within forty-five (45) days of the final disposition of this action, any party that has produced Protected Discovery Material shall notify all other parties to whom the material was produced, in writing, by document number or other specified means of identification, those portions of material they wish to have returned, deleted, or destroyed.  All parties to whom those identified portions were produced either (a) shall undertake reasonable efforts to return such material and all copies thereof to counsel for the party that produced it, or (b) shall undertake reasonable efforts to destroy or delete all such Protected Discovery Material in their possession in a manner that ensures that such material will not be disclosed or disseminated or recovered by any person. Outside counsel for the parties shall be entitled to retain all Court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work product disclosing or containing Protected Discovery Material, including such materials containing, quoting, discussing, or analyzing Protected Discovery Material, provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, transcripts, exhibits or attorney work product containing Protected Discovery Material, to any person except on reasonable notice to the producing party and either pursuant to Court order, regulatory requirement, or subpoena, or by agreement with the party that produced the Protected Discovery Material.  All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.  "Final disposition of this action" means after all appeal periods have expired or after the execution of a settlement agreement among all the

parties finally disposing of this action, and, in any event, not before the completion of all collection proceedings.

22.     This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible or as a waiver of any right to object to the discoverability, relevance, or admissibility of any document or other evidence.  There are no intended beneficiaries of this Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

Dated: New York, New York
       May 20, 2022

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
       Douglas A. Rappaport
       Kaitlin D. Shapiro
       One Bryant Park
       New York, NY 10036
       (212) 872-7412
       darappaport@akingump.com
       kshapiro@akingump.com

*Counsel for Defendants Armistice Capital, LLC,
Armistice Capital Master Fund, Ltd., and Steven J.
Boyd*


THOMPSON HINE LLP

By: _____
       Riccardo DeBari
       335 Madison Avenue, 12th Floor
       New York, NY 10017-4611
       (212) 908-3971
       riccardo.debari@thompsonhine.com

*Counsel for Nominal Defendant Vaxart, Inc.*

OSTRAGER CHONG FLAHERTY &
BROITMAN P.C.

By: _____
       Glenn F. Ostrager
       Joshua S. Broitman
       Roberto L. Gomez
       437 Madison Avenue, 24th Fl.
       New York, NY 10022
       (212) 702-7051
       gostrager@ocfblaw.com
       jbroitman@ocfblaw.com
       rgomez@ocfblaw.com

       Paul D. Wexler
       Attorney at Law
       437 Madison Avenue, 24th Fl.
       New York, NY 10022
       (917) 743-6072
       pdw@paulwexlerlaw.com

*Counsel for Plaintiff Andrew E. Roth*


So Ordered:

_____
Honorable Analisa Torres, USDJ

Dated:  June 1, 2022
        New York, New York