```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ANDREW E. ROTH,

                          Plaintiff,

         -against-

ARMISTICE CAPITAL, LLC, ARMISTICE
CAPITAL MASTER FUND LTD., and
STEPHEN J. BOYD,

                          Defendants,

and

VAXART, INC.,

                          Nominal Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/2/2022_

20 Civ. 8872 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Andrew Roth, brings claims under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p ("Section 16(b)" of the "Exchange Act") against Defendants Armistice Capital, LLC ("Armistice Capital"), Armistice Capital Master Fund Ltd. (the "Fund," and together, "Armistice"), and Stephen Boyd, the owner and Chief Investment Officer of Armistice Capital and a director of the Fund. *See* Compl. ¶¶ 1, 5, 40–50, ECF No. 1. Defendants move for reconsideration of the Court's order denying Defendants' motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Order"), ECF No. 52. ECF No. 56. For the reasons stated below, Defendants' motion is DENIED.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history outlined in the Order and describes them briefly here. Order at 1–3. Armistice Capital is a registered investment manager that manages investments in the Fund. Compl. ¶ 3. In August 2018, the Fund began purchasing common stock in Vaxart, Inc. ("Vaxart"), a biotechnology company

focused on developing oral vaccines. *Id.* ¶¶ 22, 27. A year later, the Fund owned 25 million shares, or 65.2%, of Vaxart's outstanding common stock. *Id.* ¶ 28. Plaintiff is a common stock holder of Vaxart. *Id*. ¶ 2.

In April and September of 2019, the Fund and Vaxart entered into two purchase warrants, which allowed the Fund to acquire 4,090,909 shares of common stock at $1.10 per share, and 16,666,667 shares of common stock at $0.30. *Id.* ¶ 28. The warrants included "blocker provisions," which limited the Fund's beneficial ownership of Vaxart to 4.99% and 9.99%, respectively, *id.* ¶ 29, meaning the Fund could not exercise the warrants if it owned more than that percent of the outstanding common stock, *see* Defs. Mem. at 1, ECF No. 38; Pl. Opp'n at 5–6, ECF No. 44. At all relevant times, Defendants were directors of Vaxart or were at least 10% beneficial owners of Vaxart common stock. Compl. ¶ 16.

On June 8, 2020, Vaxart and the Fund amended the warrants to change the blocker provisions, increasing the beneficial ownership limits to 19.99% for both warrants. *Id.* ¶ 32. The amendments also removed "the requirement to provide 60 days' notice to [Vaxart] of an increase in the beneficial ownership limitation." *See* Vaxart Form 8-K § 8.01 (June 8, 2020), ECF No. 39-5.[1] Less than a month later, on June 26 and 29, 2020, the Fund exercised the warrants and acquired 20,757,576 shares of Vaxart common stock. Compl. ¶ 36. During the same four-day period, the Fund sold nearly all of its holdings of Vaxart's common stock, including the 20,757,576 shares it had just acquired. *Id.* The Fund realized at least $87 million in profits. *Id.* ¶ 38. Plaintiff alleges that the profits must be disgorged in accordance with Section 16(b). *Id.* ¶¶ 42–43, 48–50.

---

[1] The Court shall consider the filing because it is "integral" to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also* Compl. ¶ 29. Further, it is a document of which the Court may take judicial notice. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

**DISCUSSION**

I.    <u>Legal Standard</u>

Under Rule 54 of the Federal Rules of Civil Procedure, the Court has the inherent power to reconsider any of its decisions prior to the entry of a final judgment adjudicating all claims at issue. Fed. R. Civ. P. 54(b); *see also United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982). Reconsideration is warranted where the movant identifies an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *DiLaura v. Power Auth. of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) (quotation marks and citation omitted). Motions for reconsideration are not to be used to relitigate old issues, to present new theories, to secure a rehearing on the merits, or to take "a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)), *as amended* (July 13, 2012).

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Courts must accept the allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *ATSI Commc'ns, Inc.*, 493 F.3d at 98. On a Rule 12(b)(6) motion, the court may consider only the complaint, documents attached to the complaint, matters of which a court can take judicial notice, and documents that the plaintiff knew about and relied upon when drafting the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

II.     Analysis

Defendants argue that the Court erred because the Order rests on the incorrect "premise that the [w]arrant [a]mendments allowed Armistice 'to retain more stock' than it could have absent the [a]mendments." Recon. Mem. at 1, ECF No. 57 (quoting Order at 7). Further, Defendants contend that the Court overlooked terms of the warrants and related amendments and a decision in a related case in the Northern District of California, and misapplied *Analytical Surveys, Inc. v. Tonga Partners*, 684 F.3d 36 (2d Cir. 2012). *Id.* at 5–9.

The Court properly understood that the warrant amendments, by changing the blocker provisions, increased the amount of stock Defendants could hold when exercising the warrants. The Court did not imply that Defendants could not hold stock in excess of the blocker provisions when not exercising the warrants—in fact, the Court stated that Defendants owned stock in excess of the blocker limit after at least one of the warrants was executed. *See* Order at 2 (noting that the Fund owned 65.2% of outstanding common stock after purchasing the April Warrant, which had a blocker provision of 4.99%).

Next, the Court did not consider the text of the warrants and amendments, as required by binding precedent. *See Chambers*, 282 F.3d at 153. The complaint did not rely on the actual agreements; it relied on Vaxart's public filings with the Securities and Exchange Committee ("SEC") which described the warrants and amendments. *See* Compl. ¶¶ 29, 32–33. There is no evidence on the face of the complaint that Plaintiff had the warrants and amendments when drafting the Complaint. *See generally id.* The Second Circuit has continually admonished, "plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers*, 282 F.3d at 153 (citing *Cortec Indus., Inc. v.*

*Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)) (emphasis in original).  Therefore, the Court properly did not consider the warrants and amendments provided to the Court by Defendants.  Further, although Vaxart filed form common stock warrants with the SEC, the Court cannot locate the actual warrants and amendments at issue in this case, nor form amendments in Vaxart's SEC filings, and, therefore, the Court shall not take judicial notice of the warrants and amendments.

Even if the Court were to consider the text of the warrants and amendments, its analysis and conclusion would not change.  The Court found that Plaintiff has plausibly pleaded that the amendments allowed Defendants to exercise the warrants more quickly.  Order at 5–7.  In a volatile market, being able to exercise the warrants, which set the exercise price below market value, and sell the resulting stock at the market price in less time, could allow an insider the "latitude to use inside information to . . . realize a greater return." *Analytical Surveys*, 684 F.3d at 48.  An amendment allowing for faster exercise by way of lowering the administrative hurdle to exercising the warrants and reducing the transactions required, is plausibly "essential to the value of" the warrant, such that increasing it would constitute a new purchase for Section 16(b) purposes.  Peter J. Romeo & Alan L. Dye, *Section 16 Treatise and Reporting Guide* § 10.04[5][f] (5th ed. 2019).

The holding in *Analytical Survey* is not to the contrary.  *Analytical Survey* addressed the materiality of amendments that differ from the ones at issue here, but the reasoning of the opinion applies to the amendments here, especially given the lower burden faced by Plaintiff at the motion to dismiss stage.  684 F.3d at 39–40.

Finally, the Court was aware of the opinion by the Honorable Vince Chhabria of the Northern District of California.  *See* ECF Nos. 50–51.  The Court considered his opinion, Order

at 6, which focuses on the applicability of the warrants to the issue of control for the purpose of Rule 10b-5, *In re Vaxart*, No. 20 Civ. 5949, 2021 WL 6061518, *8–9 (N.D. Cal. Dec. 22, 2021), and did not find it persuasive with respect to its analysis of materiality under Section 16(b). In that case, Judge Chhabria concluded that the plaintiffs in the matter before him did not "show[] that Armistice schemed alongside Vaxart to pop the company's share price." *Id.* at *9. The Court is not bound by Judge Chhabria's analysis of the impact of the amendments. Defendants' reiteration of their reliance on this opinion—an argument raised with the Court prior to the issuance of the Order, ECF No. 50—does not persuade the Court that reconsideration of the Order is warranted.

Plaintiff has adequately pleaded the necessary elements of a Section 16(b) violation: that there was a purchase and a sale of a security by a director of the issuer within six months. Accordingly, Defendants' motion for reconsideration is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 56.

SO ORDERED.

Dated: September 2, 2022
       New York, New York

                                                          ANALISA TORRES
                                                  United States District Judge